Medlin *v.* Balch.

MEDLIN *v.* BALCH.

(*Jackson.*    May  27,  1899.)

1. DAMAGES.  *For detention of cow.*

One who  detains another's milch  cow that has broken  into
his premises is liable for  the  damages resulting from such
detention.

2. VERDICT.  *Not excessive.*

A verdict of three dollars for the unlawful detention of a milch
cow, for a short period, is not so excessive as to evince preju-
dice or passion, or to indicate that anything was allowed for
the owner's mental anguish over his loss.

---

FROM  MADISON.

---

Appeal  in  error  from  Circuit  Court  of  Madison
County.  LEVI S. WOODS,  Judge.

HAYS & BIGGS  for  Medlin.

W.  G.  TIMBERLAKE  for  Balch.

WILKES,  J.    Mr.  Balch's  milch  cow,  in  some
unaccountable  way,  broke  into  a  lot  where  Mr.
Medlin  kept  his  cattle.    The  cow  not  coming  up  to
be` milked  at  her  accustomed  time,  Mr.  Balch  in-
quired  for  her,  and  hired  a  man  to  look  for  her,  and

Medlin *v.* Balch.

advertised for her in the *Jackson Sun.* The adver-
tisement appears to have been inserted in the *Sun*
under the idea that it was constructive notice to the
world. Mr. Medlin saw the cow in his pen, but
supposed Mr. Pope, his partner, had bought her.
Mr. Pope saw the cow in the yard, and supposed
that Mr. Medlin had bought her. In the ·mean-
time neither of them appears to have looked at the
*Sun.* After some two or three days, in a con-
ference between the two, it was ascertained that
neither had bought the cow. Mr. Medlin then tried
to find the Ranger, to post the cow, but the Ranger
was out on the range, and appears to have been as
hard to find as was the owner of the cow. In the
meantime Mr. Balch and his family were suffering
for milk, and he was in great mental anxiety for
his cow. Some two weeks afterwards a gentleman
called at the yard and demanded the cow, but Mr.
Medlin refused to deliver her except on an order
from Mr. Balch. It seems fairly inferable, from
this fact, that Mr. Medlin had heard she was Mr.
Balch's cow. On production of Mr. Balch's order
the cow was delivered. Mr. Medlin met Mr. Balch
a short time afterwards and explained to him that
he had kept the cow up to find out who she be-
longed to. This does·not appear to have satisfied
Mr. Balch, and he sued Mr. Medlin for damages
before a Justice of the Peace for meddling with his
cow. The Justice, after mature deliberation, gave
a judgment for the plaintiff, and the defendant ap-

Medlin *v.* Balch.

pealed to the Circuit Court. The case was there
tried before the Court and a jury, and, after a full
hearing, there was a judgment in favor of the
plaintiff for three dollars and the costs. The judg-
ment was not an excessive one, but the costs had
come to be a matter of more consequence than
either the damages or the cow, and so the defend-
ant promptly appealed to this Court, and assigns
quite a number of errors.

The case was elaborately presented by two of the
ablest counsel of the Jackson bar in arguments that
were extended, learned, and exhaustive, at least to
the Court, and, after mature deliberation and earnest
consultation, this Court has reached a conclusion.
The trial Judge charged the jury, in substance, that,
so long as Mr. Medlin believed his partner had
bought the cow, he was not in error in keeping her
in his yard, but when he found out that his partner
had not bought her, and that she was somebody's
milch cow that had got into his lot, he ought to
have turned her out and let her go home to her calf,
and in that way she would have reached her owner.

The trial Judge seems to have proceeded on the
idea that the cow would find her owner more
promptly than Mr. Medlin would, and we are of
opinion that this was good · common sense, and he
was not in error in this view of the case. Common
sense is always good law, but law is not always
common sense. The jury gave a verdict for $3.
We do not consider this so excessive as to evince

prejudice or passion, and we will not disturb it on this ground. The advertisement and hire of man to make a search were legitimate items to look to in fixing the damages. Nothing seems to have been allowed for Mr. Balch's mental anguish.

The defendant asked the Court to give some additional charges to the jury, but we think (1) that they are not good law, and (2) the Judge charged the jury correctly, and the jury charged defendant enough for this kind of a case, when the amount of costs is considered.

The judgment is affirmed.